**In Re Delores Jean SMITH, Debtor.**

**Bankruptcy No. 81–00056.**

United States Bankruptcy Court,
N. D. Ohio, W. D.

Dec. 9, 1981.

Ronald R. Henderson, Toledo, Ohio, for debtor-objector.

George Gusses, George Gusses Co., L. P. A., Toledo, Ohio, for claimant.

### ORDER

RICHARD L. SPEER, Bankruptcy Judge.

This cause came before the Court upon Debtor's Objection to the Proof of Claim filed by Thorp Discount Inc. of Ohio.

At the hearing, both parties stipulated that the value of the Debtor's real estate would be set at Thirty-Seven Thousand and no/100 Dollars ($37,000.00). The parties further agreed to a decision by the Court based upon the briefs submitted.

### FACTS

The Court makes the following findings of fact:

1.) The Debtor, Delores Jean Smith, filed a Voluntary Petition in Bankruptcy under Chapter 13 on January 13, 1981.

2.) Thorp Discount Inc. of Ohio (hereafter Thorp) filed a proof of claim in this case in the amount of Twelve Thousand Five

Hundred Forty Nine and 96/100 Dollars ($12,549.96) based upon a second real estate mortgage executed and delivered by the Debtor. This amount includes the principal, accrued and unaccrued interest, earned and unearned life insurance premiums, and earned and unearned disability insurance premiums. This Proof of Claim figure is arrived at by adding the following items:

| | |
|---|---|
| Principal amount | $9,879.43 |
| Credit life insurance | 229.03 |
| Credit disability insurance | 274.08 |
| Precomputed contractual | |
| finance charge | 2,167.42 |
| | $12,549.96 |

By its claim, Thorp asserts that the amount owed is Twelve Thousand Five Hundred Forty-Nine and 96/100 ($12,549.96) Dollars, not any lesser amount as indicated in its brief. Thorp asserts that it is a secured creditor of the Debtor because the value of the Debtor's property exceeds the amount of the principal plus interest due. Furthermore, Thorp asserts that because of this status, it should be allowed interest on the claim plus reasonable fees, costs and charges as prescribed by § 506(b) of the Bankruptcy Code.

3.) A first mortgage on this real estate is held by the Kissel Company in the approximate amount of Twenty-one Thousand One Hundred and no/100 Dollars ($21,100.00) plus seven percent interest.

4.) Debtor now objects to Thorp's proof of claim.

Debtor alleges that Thorp is not entitled to its full interest claim because under Section 506(b) of the Bankruptcy Code, full interest claims are only allowed if the value of the secured property equals or exceeds the sum of the principal and interest due to the creditor. The Debtor believes that her equity in this real estate is less than the principal plus interest and therefore Thorp's interest claim should be disallowed.

Section 506(b) of the Bankruptcy Code governs this issue and states in pertinent part the following:

"(b) To the extent that an allowed secured claim is secured by property the value of which, after any recovery under subsection (c) of this section, is greater than the amount of such claim, there shall be allowed to the holder of such claim, interest on such claim, and any reasonable fees, costs, or charges provided under the agreement under which such claim arose." (Emphasis added)

Thorp alleges that the Debtor has made erroneous computations which are crucial to this discussion. First, the Debtor erroneously included in the summation of principal and interest due, the amount of Five Hundred Three and 11/100 Dollars ($503.11) which is specifically designated as life and disability insurance premiums.

Secondly, the Debtor, in computing the closing costs in the sale of the property, used a seven percent real estate commission cost. Thorp alleges that the seven percent commission is excessive. To buttress this argument, attached to Thorp's brief is an affidavit of a real estate broker for the firm of Theodore Schmitt Company, which states that the practice of his company is to charge a five percent sales commission.

Thorp further states that the Debtor's Chapter 13 Plan as it stands, proposes to modify Thorp's rights in that it attempts to deprive Thorp of its interest, and therefore the Plan should be amended.

The Court is in accord with part of Thorp's discussion. Surely a real estate sales commission is negotiable. Within the current economic period, the Court believes that it may even be possible to find a real estate commission of less than the five percent shown in the affidavit. But for our purposes, the Court will recognize the five percent figure as reasonable.

The Court does not agree with Thorp's allegation that the insurance charges were erroneously included in the computation of the Debtor. Thorp does not exclude, but *includes* in its claim the amounts of Two Hundred Twenty-Nine and 03/100 ($229.03) Dollars in credit life insurance and Two Hundred Seventy-Four and 08/100 ($274.08) Dollars in credit disability insurance. Section 506 states "to the extent that an allowed secured *claim* is secured by property the value of which . . . is greater than the

amount of such *claim. . ."* Nowhere does the Code specify that computation should be made solely upon principal plus interest. Thorp claims it is owed Twelve Thousand Five Hundred Forty-Nine and 96/100 Dollars ($12,549.96), not Twelve Thousand Forty Six and 85/100 Dollars ($12,046.85), which is the amount of principal plus interest minus insurance premiums. It appears that Thorp not only wants this Court to honor its proof of claim in the entire amount, but conversely, it wants the Court to disavow a portion of the claim for the purposes of this computation.

The Court will not address the issue of whether or not the incidental expenses of a sale of the Debtor's residence are to be included in the final computation of the status of secured claims since neither party presents it here. Thorp in fact, offered its own evidence of the probability of finding a real estate broker to accept a commission less than the seven percent offered by the Debtor. The Court will therefore accept as reasonable the Two Hundred and no/100 ($200.00) Dollars closing cost submitted by the Debtor and not disputed by Thorp, and the five percent real estate commission offered by Thorp.

Assuming the real estate is sold for the stipulated value of Thirty Seven Thousand and no/100 Dollars ($37,000.00), once the closing costs ($200.00), five percent real estate sales commission ($1,850.00), and the first mortgagee ($22,577.47), are paid the balance is approximately Twelve Thousand Three Hundred Seventy-Two and no/100 Dollars ($12,372.00). Thorp's *claim* exceeds this amount by One Hundred Seventy-Seven and 43/100 Dollars ($177.43).

Since the *claim* of Thorp is secured by property the value of which is *not* greater than the amount of such claim, there shall not be allowed to Thorp, interest on the claim or any reasonable fees, costs, or charges as provided under the agreement under which such claim arose as required by Section 506 of the Bankruptcy Code. It is therefore

ORDERED that Debtor's Objection to Thorp's amended proof of claim is hereby sustained.